So Ordered.

Dated: August 8th, 2013

Frank L. Kurtz
Bankruptcy Judge

METINER G. KIMEL – WSBA 21280
KIMEL LAW OFFICES
1115 West Lincoln Ave., Suite 105
Yakima, WA 98902
Telephone: (509) 452-1115
Facsimile: (509) 452-1116

Chapter 11 Liquidating Trustee

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF WASHINGTON

| In re | Case No. 11-02397 |
|---|---|
| East AHM Development, LLC | **FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH REGARD TO THE TRUSTEE'S LIQUIDATING CHAPTER 11 PLAN OF REORGANIZATION, AS MODIFIED** |
| Debtor. | |
| | **[11 U.S.C. § 1129]** |
| | **Confirmation Hearing:** |
| | DATE: August 8, 2013<br>TIME: 10:30 a.m.<br>PLACE: Telephonic 509-353-3192 |

The matter of the hearing on confirmation of the Liquidating Trustee's Liquidating Chapter 11 Plan of Reorganization in the case of <u>In re East AHM Development, LLC</u>, Case No. 11-02397, came before the Honorable Frank L. Kurtz on August 8, 2013 at 10:30 a.m.. Metiner G. Kimel, the Chapter 11 Liquidating Trustee in the Case (the "Trustee") appeared on his own behalf. Other appearance are as noted in the record.

At the time of the hearing on confirmation of the Plan, the following papers, declarations and documents were before the Court:

| Exhibit | Name of Document | Docket no. |
|---|---|---|
| 1 | Liquidating Trustee's Liquidating Chapter 11 Plan Of Reorganization (the "Plan") | 432 |
| 2 | Liquidating Trustee's Disclosure Statement to Accompany Liquidating Chapter 11 Plan Of Reorganization (the "Plan") | 398 |
| 3 | Order Granting Liquidating Trustee's Motion For Order: 1) Approving Liquidating Trustee's Disclosure Statement Pursuant To Bankruptcy Code § 1125; 2) Shortening Time For Mailing Approved Disclosure Statement; 3) Setting July 26, 2013 As The Deadline For The Return Of Ballots And Filing Objections To The Plan; 4) Setting August 5, 2013 As The Deadline For Filing Replies To Objection And Confirmation Briefs; 5) Approving Form Of Notice; 6) Authorizing The Chapter 11 Liquidating Trustee To Certify The Results Of Balloting; And 7) Setting Hearing On Confirmation Of Debtor's Chapter 11 Plan Of Reorganization Filed On June 11, 2013 For August 8, 2013; And 8) Shortening Notice Of Hearing Thereon (the "Order Approving Disclosure Statement") | 458 |
| 4 | Notice Of Filing Written Disclosure Statement And Motion On Shortened Notice For Hearing On Disclosure Statement | 434 |
| 5 | List Classifying Claims and Interests | 433 |
| 6 | Notice of Approval of Disclosure Statement, Proposed Plan and Matters Relating to Confirmation of the Plan | 434 |
| 7 | Certificate of Mailing of Roberta Chavers regarding mailing of Confirmation Notice, the List Classifying Claims and Interests, the Conditional Order, the Disclosure Statement, the Plan, and | 435 |

| | | |
|---|---|---|
| | Ballot (the "Plan Package Proof Of Service") | |
| 8 | Report of Balloting, including the Ballot Summary | 482 |
| 9 | Motion And Notice Of Motion On Shortened Notice And Hearing For Order Estimating Unsecured Claims Of Union Bank | 460 |
| 10 | Motion For Order: 1) Approving Modification To Debtors' Chapter 11 Plan Of Reorganization; And; 2) Determining That The Modification To The Chapter 11 Plan Of Reorganization Is Deemed Accepted By Creditors And Equity Security Holders Who Have Previously Accepted The Plan; And 3) Request For Shortened Notice | 462 |
| 11 | Motion For Order To Shorten Time For Notice And Hearing On Motion For Order: 1) Approving Modification To Debtors' Chapter 11 Plan Of Reorganization; And 2) Determining That The Modification To The Chapter 11 Plan Of Reorganization Is Deemed Accepted By Creditors And Equity Security Holders Who Have Previously Accepted The Plan; And 3) Request For Shortened Notice | 487 |
| 12 | Motion To Shorten Notice And Hearing On Motion And Notice Of Motion On Shortened Notice And Hearing For Order Estimating Unsecured Claims Of Union Bank | 488 |
| 13 | Memorandum of Points and Authorities in Support of Confirmation of the Liquidating Trustee's Liquidating Chapter 11 Plan Of Reorganization (the "Confirmation Brief") | 491 |
| 14 | The Declaration of Metiner G Kimel in Support of Confirmation of Liquidating Trustee's Liquidating Chapter 11 Plan Of Reorganization | 489 |

11-02397-FLK11    Doc 520    Filed 08/08/13    Entered 08/09/13 08:43:05    Pg 3 of 10

| | | | |
|---|---|---|---|
| | 15 | Memorandum In Support of Motion For Order To Shorten Time For Notice And Hearing On Motion For Order: 1) Approving Modification To Debtors' Chapter 11 Plan Of Reorganization; And 2) Determining That The Modification To The Chapter 11 Plan Of Reorganization Is Deemed Accepted By Creditors And Equity Security Holders Who Have Previously Accepted The Plan; And 3) Request For Shortened Notice | 490 |
| | 16 | Proposed Order 1) Approving Modification To Debtor's Chapter 11 Plan Of Reorganization; And Determining That The Modification To The Amended Chapter 11 Plan Of Reorganization Is Deemed Accepted By Creditors And Equity Security Holders Who Have Previously Accepted The Plan and 2) Shortening Hearing on Notice Thereon, attached as an Exhibit to the Modification Motion; and | |
| | 17 | the Proposed Findings and Conclusions With Regard to Confirmation of Debtor's Chapter 11 Plan of Reorganization and Proposed Order Approving Debtor's Disclosure Statement In Support Of Debtor's Chapter 11 Plan Of Reorganization And Confirming Debtor's Chapter 11 Plan Of Reorganization As Modified, which are attached as Exhibits "1" and "2" to this Confirmation Brief. | |

Based upon the above referenced pleadings, all additional pleadings filed in the case, and the testimony provided to the Court at the hearing on Confirmation, the Court now makes the following findings and conclusions:

1. The Plan complies with Sections 1122 and 1123 governing classification and contents of a plan in that the Plan appropriately places claim in the same class only if they are claims that are substantially similar to other claims or interests in the class.

2. Article III of the Plan designates the classification of claims and interests as required under Code § 1123(a)(1).

3. Article IV of the Plan designates the classes of claims which are not impaired by the Plan in accordance with § 1123(a)(2).

4. Article IV of the Plan specifies the treatment afforded to each of the impaired classes of claims and interests under the Plan in accordance with the requirements of Code § 1123(a)(3).

5. The Plan provides all Claims within the same class are receiving identical treatment unless the holder of a claim has agreed to less favorable treatment. Since all members of each class are treated equally with respect to their class, the Plan satisfies this requirement.

6. As required by Code § 1123(a)(5), the Plan provide adequate means for its implementation. The means of implementation of the Plan are described in detail in Article VI of the Plan and satisfy the requirements of Section 1123(a)(5) by providing for, among other things, (i) a method for funding payments to be made on account of Allowed Claims; (ii) provisions for the distribution of property under the Plan; (iii) resolution of Disputed Claims; and (iv) a method for distribution of payments to Allowed Claims. Accordingly, the provisions for implementation of the Plan satisfy § 1123(a)(5).

7. As the Debtor is not a corporation, and because the Plan does not contemplate the issuance of any type of equity interest, nor does it contemplate the either the transfer of all or any part of the property of the estate to one or more entities, whether organized before or after the confirmation of the Plan or the merger or consolidation of the Debtor with one or more persons, the Plan satisfies the requirements of Code § 1123(a)(6).

8. As the Plan contains no provisions with regard to the selection of officers, directors, or trustees, the Plan satisfies § 1123(a)(7) of the Code.

9. Because the Plan satisfies the requirements of 11 U.S.C. §§ 1122 and 1123, the Plan complies with the provisions of 11 U.S.C. § 1129(a)(1).

10. On July 2, 2013, the Court approved the Disclosure Statement, and on July 18, 2013 entered an order approving the Disclosure Statement as well as providing that the time for mailing the approved Disclosure Statement could be shortened. [Docket No. 458] In accordance with the Order Approving Disclosure Statement, the Trustee transmitted to all creditors and equity holders (i) the Notice; (ii) the Disclosure Statement; (iii) the Plan, and (iv) ballots to vote to accept or reject the Plan with respect to each Class in which creditors were entitled to vote on the Plan, and the List Classifying Claims. See, the Plan Package Proof of Service. [Docket No. 435]. Accordingly, the Trustee has complied with the solicitation requirements set forth in Section 1125, and the plan satisfies the requirements of Code § 1129(a)(2) that the proponent of the Plan complied with the applicable provisions of Chapter 11.

11. All impaired classes have either voted to accept the Plan or are parties to the Settlement Agreement which is the basis for the Plan. Based upon the vote by the Creditors on the Plan and the Interest Holders all being a party to the Settlement Agreement, the Court determines that the Plan is fundamentally fair and proposed in good faith. In accordance with Bankruptcy Rule 3020, this Court can make a determination that the Plan was proposed in good faith and not by any means forbidden by law and thereby satisfies the requirements of 11 U.S.C. § 1129(a)(3).

12. The Plan allows for payment of administrative expenses of the kind specified in 11 U.S.C. § 507(a)(1), which includes compensation awarded by the Court to professional persons. Article VII, section. H of the Plan provides that each professional Person or firm retained with approval by order of the Bankruptcy Court or requesting compensation in the Case pursuant to section 330 or 503(b) of the Bankruptcy Code shall be required to file an application for an allowance of final compensation and reimbursement of expenses in the Case incurred through the Confirmation Date. These procedures for the Court's review and ultimate determination of the fees and expenses to be paid by the Debtors' estate satisfy the objectives of Section 1129(a)(4).

13. Section 1129(a)(5) is satisfied in this case as the Disclosure Statement discloses who the insiders of the Debtor are and discloses that the Trustee anticipates retaining the insiders for

purposes of managing the day-to-day operations of the Debtor, and the insiders are not receiving any compensation for those services except as previously authorized under Cash Collateral orders entered by the Court.

14. Section 1129(a)(6) is inapplicable in that no such regulatory approval is required in the Case.

15. The best interest test under Code § 1129(a)(7) applies only to non-accepting impaired claims or interests. Under the Plan, claims in Classes 1, 2, 5and 6 are unimpaired, and therefore the "best interest" test is deemed satisfied with respect to such claims an interests. Additionally, the creditors in Class 3, 4[1] and 7 have voted to accept the Plan. Class 8 retains nothing under the Plan, and is thereby conclusively presumes to have rejected the plan pursuant to Code § 1126(g). However, the Plan does provide that Class 8 is going to receive or retain on account of their interests property of a value that is not less than the amount that such holder would receive if the Debtor were liquidated under Chapter 7. The liquidation analysis which is attached as Exhibit "4" to the Disclosure Statement, indicates that in a Chapter 7 liquidation Class 8 Interest Holders would receive nothing. Accordingly, as all Classes have either accepted or are deemed to have accepted the Plan, or are receiving under the Plan the same distribution that they would receive in a Chapter 7 liquidation, the "best interests" test set forth in Section 1129(a)(7) has been satisfied.

16. 11 U.S.C. § 1129(a)(8) requires that, with respect to each class of claims or interests, such class of claims or interests has accepted the plan, or such class is not impaired under the plan. There are eight classes of Creditors established by the Plan. Under the Plan, holders of Allowed Class 1, 2, 5 and 6 Claims are unimpaired and therefore, pursuant to Bankruptcy Code § 1126(f) are deemed to have accepted the Plan. The Report of Balloting setting forth a tally of the ballots cast with respect to the Plan by the remaining classes established by the Plan discloses that these classes have voted as follows:

---

[1] The Class 4 Creditor filed his ballot accepting the Plan after the July 30, 2013 due date.

Class 3 – The Allowed Secured Claim of Union Bank. This class is impaired by the Plan. One ballot was received from holder of the Class 3 Claim. Union Bank, the holder of the Class 3 Claim has voted to accept the Plan.

Class 4 – The Secured Claim of David Allegre. This class is impaired by the Plan. One late filed ballot was received from holder of the Class 4 Claim. David Allegre, the holder of the Class 4 Claim has voted to accept the Plan.

Class 7 – General Unsecured Claims. This class is impaired by the Plan. Twenty-eight ballots were received from holders of the Class 7 Claims in the total dollar amount of $6,755,832.89. Of the twenty-eight timely filed Ballots, twenty-six in number and $6,536,215.60 in a dollar amount voted to accept the Plan.

Thus, the requirement of Section 1126(c) that more than one-half the number of allowed claims of each class voting on the plan accept the plan, has been met.

The second requirement of Section 1126(c) is that the creditors accepting the Plan hold at least two-thirds in amount of the total allowed claims of the voting class actually voting on the Plan. As evidenced by the Report of Balloting, Class 7 is the only class which did not vote 100% in favor of the Plan. Nevertheless, since approximately 92% of the votes and approximately 96% of the dollars of voting claims in Class 7 have voted to accept the Plan, the second requirement of Section 1126(c) has also been satisfied.

Class 8 retains nothing under the Plan, and is therefore deemed to have rejected to Plan, and is impaired under the Plan.

All other creditors entitled to vote on the Plan, which did vote on the Plan, have voted unanimously to support the Plan.

17. The Articles II and IV of Plan provides that all such priority tax claims, will be paid in full, in cash, on the Effective Date of the Plan, and any other Allowed priority claim classified as a Class 2 Claim under the Plan will also be paid in full in Cash on or before the Effective Date of the Plan. Accordingly, the Plan satisfies the requirements of Section 1129(a)(9).

18. As established by the Summary of Ballots [Docket No. 482], the acceptance by both Class 3 and Class 7, was determined without including any acceptances of the Plan by any insider.

Accordingly, the Plan satisfies Code §1129(a)(10)'s requirement that if there is an impaired class of claims under the Plan, that at least one class of claims impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider.

19. The liquidation of the Debtor's assets is proposed in the Plan, and therefore the Plan meets the requirements of Section 1129(a)(11).

20. Section 1129(a)(12) has been complied with in that Articles II and XII, Section G. of the Plan provides for payment of such fees on the Effective Date of the Plan.

21. Section 1129(a)(13) is inapplicable in this case, as the Debtor does not, and has not in the past, provided such "retiree benefits" as that term is defined in Bankruptcy Code § 1114.

22. As the Debtor is not subject to any order requiring the Debtor to pay any domestic support obligations, § 1129(a)(14) is inapplicable to the Debtor's case.

23. <u>11 U.S.C. § 1129(a)(15)</u> applies only to cases where the debtor is an individual, and therefore is inapplicable to the Debtor's case.

24. As the Debtor is an LLC, and not a corporation or trust, Code § 1129(a)(16) does not apply to the Debtor, and even if Code § 1129(a)(16) does apply, there are no transfers contemplated by the Plan which would not be in compliance with applicable nonbankruptcy law.

25. There is no junior interest to Class 8 which will receive or retain any property under the Plan. Accordingly, the Court finds that the Plan is and is fair and equitable with respect to each class of claims or interest that is impaired under, and has not accepted the Plan, and that the Court may confirm the Plan under the cramdown provisions of 11 U.S.C. § 1129(b), over the deemed rejection of the Plan by the holders of Allowed Class 8 Interests.

26. Upon confirmation of the Plan, pursuant to Code § 1146(c), the assignment or surrender of any lease or sublease, or the delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with this Plan, including any deeds, bills of sale or assignments executed in connection with any disposition of assets contemplated by this Plan shall not be subject to any stamp, real estate transfer, mortgage recording or other similar tax.

27. The Trustee shall be authorized to sell all Trailhead Condominium Units free and clear of liens, without the need of further motion or order of the Court, provided that both the

-9-

Trustee and Union Bank have consented to the sale, and in the alternative, that the Trustee and Union Bank may submit ex parte orders to the Court to approve the sales of the Trailhead Units, provided that both Union Bank and the Trustee have consented to the sale

These shall constitute the findings of fact and conclusions of law of the Court in accordance with Federal Bankruptcy Rule of Procedure 7052.

Presented by:
METINER G. KIMEL, in his capacity as
LIQUIDATING TRUSTEE FOR THE EAST
AHM DEVELOPMENT BANKRUPTCY ESTATE

-10-

IN RE EAST AHM DEVELOPMENT LLC; CASE . NO. 11-02397　　　　8/7/2013 4:07 PM
**Findings and Conclusions of Law**
11-02397-FLK11　　Doc 520　　Filed 08/08/13　　Entered 08/09/13 08:43:05　　Pg 10 of 10